UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TOBIAS WOODS,

                Petitioner,

v.

                              CASE NO. 06-CV-13741
                              HONORABLE GEORGE CARAM STEEH

JEFFREY WOODS, Warden,

                Respondent.

_____/

ORDER DENYING PETITIONER'S MOTION FOR RELIEF
FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)(4) (DOC. #25)

      Pro se petitioner Eric Tobias Woods, a Michigan prisoner currently incarcerated at

the Chippewa Correctional Facility in Kincheloe, Michigan,[1] seeks relief from the denial of

his 28 U.S.C. § 2254 petition for writ of habeas corpus under Rule 60(b)(4) of the Federal

Rules of Civil Procedure.  Petitioner contends that the judgment under which he is currently

being incarcerated is void because, at the time of his arraignment for first-degree

premeditated murder and related firearms violations in state court in August 2002, the

magistrate judge violated his Sixth Amendment right to counsel.  Petitioner's motion will be

denied as untimely.

I.

      Petitioner was convicted in Wayne County Circuit Court of (1) first-degree

premeditated murder, in violation of Mich. Comp. Laws § 750.316; (2) felon-in-possession

_____

[1] Throughout these proceedings, petitioner has been incarcerated in Bellamy
Creek Correctional Facility in Ionia, Michigan and the Standish Maximum Correctional
Facility in Standish, Michigan.

of a firearm, in violation of Mich. Comp. Laws § 750.224f; and (3) felony firearm in violation of Mich. Comp. Laws § 750.227b.   Petitioner exhausted his appeals in state court, subsequently filing a habeas petition in this court under 28 U.S.C. § 2254.   Through counsel, petitioner raised over a dozen issues in the habeas petition.

On March 24, 2009, the court denied the habeas petition in its entirety.  (Doc. #23). Accordingly, judgment was entered dismissing the petition without prejudice.  (Doc. #24). Plaintiff did not appeal the court's decision.

Almost six years later, petitioner has filed a motion for relief from judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure.  (Doc. #25).  He argues that the state court lacked jurisdiction to enter judgment against him because his Sixth Amendment right to counsel was violated.  Therefore, he contends that the court's March 24, 2009 judgment in this case is void.

II.

A Rule 60(b)(4) motion seeks relief from a judgment on the grounds that "the judgment is void."  A motion to vacate a judgment under Rule 60(b)(4) must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Multiple factors are considered in determining what constitutes a "reasonable time."  Essentially, courts undertake a fact-specific inquiry on a case-by-case basis.  *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 942 (6th Cir. 2013).  Factors considered include "the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."  *Id.* at 942–43 (citation and internal quotation marks omitted).

Petitioner's motion is time-barred.  Applying the above factors, petitioner's delay in filing his Rule 60(b)(4) motion is not reasonable.  Petitioner waited approximately six years

-2-

after judgment was entered before he filed the instant motion.  But the factual predicate

giving rise to the petitioner's claim that his Sixth Amendment right to counsel was violated

existed as early as August 2002 when his right to counsel was allegedly denied.  The facts

giving rise to this claim certainly existed at the time the habeas petition was filed in this

court, and at the time the court entered judgment in 2009.  Under these facts, the length

and circumstances of petitioner's delay in filing the Rule 60(b) motion is impermissible.

Given that petitioner's argument has been available since August 2002, and the length of

time that has passed since the court entered judgment in this case, the circumstances do

not compel equitable relief.

For these reasons, petitioner's motion for relief from judgment under Rule 60(b)(4)

of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

Dated:  March 30, 2015

s/George Caram Steeh                        
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 30, 2015, by electronic and/or ordinary mail and also on
Eric Woods #342158, Chippewa Correctional Facility, 4269
West M-80, Kincheloe, MI  49874.

s/Barbara Radke
Deputy Clerk

-3-