UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WOODS,

       Petitioner,                                Case No. 06-13741

       v.                                       HON. GEORGE CARAM STEEH

KENNETH T. MCKEE,
Warden,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (DOC. 38)

Before the court is Petitioner's motion for relief from judgment. Petitioner is a state prisoner who filed a petition for writ of habeas corpus in 2006. On March 24, 2009, the court entered an opinion and order denying the habeas petition. Approximately six years later, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). The court denied the motion as untimely. Doc. 26. The Sixth Circuit denied a certificate of appealability, finding that "Woods's motion for relief from judgment was not filed within a reasonable time." Doc. 35.

- 1 -

Petitioner filed a second motion pursuant to Rule 60(b)(4) on March 11, 2016. Doc. 36. The court construed the motion as a successive § 2254 motion and transferred it to the Sixth Circuit. Doc. 37. The Sixth Circuit dismissed the matter based upon Petitioner's failure to prosecute.

The motion before the court is Petitioner's third attempt to seek relief pursuant to Rule 60(b)(4). As the court and Sixth Circuit have previously ruled, Petitioner's motion is untimely. The court is bound by these previous decisions and must deny Petitioner's motion on this basis alone.

Further, Petitioner has not set forth appropriate grounds for relief under Rule 60(b)(4). Rule 60(b)(4) permits the court to vacate a judgment that is void. "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citation omitted). Petitioner has not shown that this court lacked jurisdiction over his habeas petition or over the parties, or that the court acted inconsistent with due process. Although Petitioner argues that this court acted outside its legal authority by enforcing a void state court judgment, Petitioner provides no legitimate argument that the state court judgment was void. Moreover, this argument was previously raised by Petitioner and rejected by the court. *See* Doc. 37.

## ORDER

For the foregoing reasons, IT IS HERBY ORDERED that Petitioner's motion pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. 38) is DENIED.

Dated: February 21, 2019

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2019, by electronic and/or ordinary mail and also on Eric Woods #342158, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Barbara Radke
Deputy Clerk